# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **ELLSWORTH S. ROACH** | **CIVIL ACTION NO. 07-0364-P** |
| **VERSUS** | **JUDGE HICKS** |
| **CADDO PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ellsworth S. Roach ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 26, 2007.  Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and complains his civil rights were violated by prison officials.  He names the Caddo Parish Sheriff's Department and Clyde Williams as defendants.

Plaintiff claims that on November 21, 2006, he was eating his evening meal in the day room with several other inmates when a signal was called in the housing unit.  He claims the deputies present gave different orders and he became confused.  He claims he was inadvertently sprayed with mace and then ordered to return to his cell.  Plaintiff claims that

approximately one and a half hours after the incident was over, he asked Deputy Clyde Williams for permission to take a shower because he had been sprayed with mace.  He claims he was experiencing burning in his eyes and facial area.  He claims he also asked for another food tray because his food had been maced.  He claims Deputy Clyde Williams denied his requests and told him that he would have to wait until the following day.  Plaintiff admits he was allowed to shower the following day.

     As relief, Plaintiff seeks monetary compensation.

     For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

     Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.   Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. <u>See Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. <u>See id</u>., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. <u>Id</u>., 111 S. Ct. at 2324 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  <u>Palmer v. Johnson</u>, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind. <u>See id</u>. at 305, 111 S. Ct. at 2328; <u>Farmer</u>, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety.  <u>See id</u>., 114 S. Ct. at 1979.

Finally, a prisoner must also allege an injury that is more than <u>de minimis</u>, although it need not be significant.  <u>See Gomez v. Chandler</u>, 163 F.3d 921, 924 (5th Cir. 1999).  <u>See also Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997).

**Denial of Meal**

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic

necessities.  <u>See</u> <u>Wilson</u>, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that on November 21, 2006, he was deprived of his evening meal.  After considering the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendant's conduct was sufficiently harmful enough to deprive him of life's basic necessities.  <u>See</u> <u>Wilson</u>, 501 U.S. at 298, 111 S. Ct. at 2324.  Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Furthermore, Plaintiff has not shown that Defendant's conduct was deliberately indifferent. He states that Defendant deprived him of one meal. There has been no allegation that Defendant disregarded an excessive risk to the Plaintiff's health or safety by failing to take reasonable measures to abate it. <u>Farmer</u>, 114 S.Ct. 1970.

The denial of a single meal is not a deprivation of life's basic necessities and the actions on the part of Defendant do not evidence an attitude of deliberate indifference.  Thus, Plaintiff's claim has failed to satisfy the second requirement of an Eighth Amendment claim.

Accordingly, the denial of one evening meal does not rise to the level of cruel and unusual punishment.

**Denial of Shower**

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendant' conduct was sufficiently harmful enough to deprive him of life's basic

necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff alleges that on November 21, 2006, he was deprived of a shower after he was inadvertently sprayed with mace.  Plaintiff admits that he was allowed to take a shower the following day.  Plaintiff does not allege that he was denied the use of his sink to wash his face and eyes.  After considering the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendant's conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Furthermore, Plaintiff has not shown that Defendant's conduct was deliberately indifferent.  He states that Defendant did not allow him to shower until the following morning after he was inadvertently sprayed with mace.  There has been no allegation that Defendant disregarded an excessive risk to the Plaintiff's health or safety by failing to take reasonable measures to abate it.  Farmer, 114 S.Ct. 1970.

In the present case, Plaintiff alleges only that his eyes and face burned after he was sprayed with mace.  He waited approximately one and a half hours after the incident before he requested a shower and/or medical treatment.  Thus, the Court concludes that Plaintiff's alleged injury was a de minimis one and he has therefore, failed to allege any violations of his civil rights that rise to a constitutional magnitude.  Accordingly, the denial of a shower after being sprayed with mace does not rise to the level of cruel and unusual punishment.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of January, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE